UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 14-0120 EMC |
| v. | **ORDER OF DETENTION PENDING TRIAL** |
| ANTONIO CASTILLO, | |
| Defendant. | |

Defendant Antonio Castillo, age 26, has been charged by federal indictment with, among other charges, Racketeering Conspiracy, 18 U.S.C. § 1962(d), Conspiracy to Commit Murder in Aid of Racketeering Activity, 18 U.S.C. § 1959(a)(5), Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering Activity, 18 U.S.C. § 1959(a)(6), and Murder in Aid of Racketeering Activity, 18 U.S.C. § 1959(a)(1).  The charges arise from a fatal shooting in San Francisco on July 19, 2014.

This matter came before the Court on November 26, 2014, for a hearing on the government's motion for detention.  Defendant Antonio Castillo was present and represented by Tony Tamburello, Esq.  Assistant United States Attorney Kimberly Hopkins appeared for the government.  Pretrial Services submitted a report to the Court, and the parties that recommended

detention, and a representative of Pretrial Services was present at the hearing. Proffers and arguments regarding detention were submitted by the parties at the hearing. Following argument the Court continued the hearing until December 1, 2014 because Defendant proposed additional sureties who had not yet been interviewed by Pretrial Services.

The hearing reconvened on December 1, 2014. Mr. Castillo was again represented by Mr. Tamburello, and the government was represented by Assistant United States Attorneys Kimberly Hopkins and Andrew Scoble. Prior to the re-convened hearing, Defendant's counsel had the opportunity to review surveillance video of the July 2014 incident.

Upon consideration of the facts, proffers and arguments presented, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community. Accordingly, the Court concludes that Defendant must be detained pending trial in this matter.

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1).

With respect to all of the subsequent findings, this case involves a rebuttable presumption in favor of detention pursuant to 18 U.S.C. § 3142(e)(2) because Defendant has been charged by Grand Jury indictment with crimes, the offense for which the maximum sentence is life imprisonment or death. While the ultimate burden of persuasion rests upon the government, given the presumption, the Court finds that Defendant did not proffer facts or information sufficient to rebut the presumption.

First, while the Court considers the facts of the instant case to be the least important factor in its determination regarding detention, this case involves a crime of violence and a firearm in a gang-related shooting. While defendant Castillo is not alleged to have fired the shots that killed the victim, a Grand Jury has found that probable cause exists to believe that he participated in the murder.

Second, while many family members and friends submitted letters to the Court attesting that despite his past troubles Defendant has "turned his life around," the Court finds that Defendant

is still involved in gang-related activity. The government has alleged that Defendant's gang moniker is "T-Mac" which appears on a Sureno gang roster, along with his two co-defendants accused in the same shooting. Defendant's family members dispute that he is known by that name, but when his residence was searched in August 2014—following the shooting—a notebook with "T-Mac" written on the cover was discovered, along with two bags of cocaine. Further, when his co-defendant Ortiz was placed in state custody following the shooting, jail telephone records show that Defendant had at least 11 telephone calls with him. And the victim of the shooting, with whom Defendant and his co-defendants at least "scuffled" prior to the shooting, was a known member of the rival Norteno gang. Finally, the government proffered that two of Defendant's cousins who offered to serve as unsecured sureties are themselves gang associates.

Third, Defendant was on probation at the time of the incident and the August 2014 search at which distribution amounts of cocaine were discovered.

Fourth, releasing Defendant to live with his girlfriend is not sufficient to assure the safety of the public. Defendant asserts that he and his girlfriend have been together for six years. During that period Defendant was one of approximately 10 individuals in a limousine involved in a drive-by shooting, although Defendant was not identified as the shooter. When the limousine was searched two handguns were located. Further, in March 2012 Defendant was arrested for and subsequently convicted of reckless driving, the conviction for which he is currently on probation. After he was convicted and sentenced, he was a passenger (not the driver) in a car that was pulled over and in which a small amount of cocaine was found, along with a gun in the trunk. Then, of course, is the incident from July of this year, and the search of his residence in August 2014. This pattern of conduct suggests that his girlfriend will not be able to ensure Defendant's lawful behavior. While Defendant's mother is a more appropriate custodian, she works full time and has minor children in her home.

Weighing in favor of Defendant's release is his stable employment and the support of a large extended family. In light of the above, however, the Court finds that the government has shown by clear and convincing evidence that no condition or combination of conditions will

reasonably assure the safety of other persons and the community.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. Defendant Castillo be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Defendant Castillo be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendants are confined shall deliver defendant to an authorized deputy United States marshal for the purpose of any appearance in connection with a court proceeding.

SO ORDERED.

Dated: December 1, 2014

_____
HON. JACQUELINE SCOTT CORLEY
United States Magistrate Judge